Defendant, Aaron Grilliot, appeals from the four year prison sentence imposed upon him by the trial court after he was found guilty of the attempted rape of his four year old cousin, K.H.
According to Grilliot, he was asleep when he awoke to discover that K.H. had pulled his underwear down and was performing oral sex upon him. Grilliot immediately made K.H. stop. K.H. told a different story to relatives and investigators, however, indicating that Grilliot "puts a blanket over my head and makes me suck it."
Grilliot was indicted on one count of rape of a child under age thirteen. Pursuant to a negotiated plea agreement, Grilliot entered a no contest plea to the reduced charge of attempted rape. The trial court found Grilliot guilty and ordered a presentence report. The trial court also obtained a psychosexual assessment of Grilliot and a mental health assessment of K.H. In addition, the court received victim impact statements and numerous letters.
On May 1, 1998, a sentencing hearing was held pursuant to R.C. 2929.19. At the conclusion of the hearing the trial court held that the factors indicating that the offender's conduct was more serious than conduct normally constituting the offense outweighs the factors indicating that the offender's conduct was less serious. Moreover, the court concluded that a prison sentence was consistent with the principles and purposes of sentencing, and that Grilliot was not amendable to available community control sanctions.
Accordingly, the trial court sentenced Grilliot to four years imprisonment and classified him as a sexually oriented offender. That sentence was journalized via judgment entry filed May 4, 1998.
Pursuant to R.C. 2953.08 (A) (4), Aaron Grilliot has timely appealed to this court from the sentence imposed upon by the trial court.
 THE SENTENCE OF THE TRIAL COURT WAS CONTRARY TO LAW BECAUSE THE RECORD DOES NOT SUPPORT THE FINDING IN FAVOR OF INCARCERATION.
Grilliot argues that his prison sentence is contrary to law because the evidence in the record does not support the trial court's finding in favor of a prison term.
The offense at issue, attempted rape, is a felony of the second degree. R.C. 2907.02; R.C. 2923.02. For a felony of the second degree there is a presumption that a prison term is necessary to comply with the principles and purposes of sentencing set forth in R.C. 2929.11. See R.C. 2929.13 (D). In such cases the trial court may impose community control sanctions instead of a prison term only if the court makesboth of the following findings:
 (1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 (2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.
R.C. 2929.13 (D).
In this case the trial court made the finding set forth in R.C. 2929.13 (D) (1), that the factors in R.C. 2929.12
indicating a lesser likelihood of recidivism outweigh the factors indicating a greater likelihood of recidivism. However, the trial court was unable on this record to arrive at the finding set forth in R.C. 2929.13(D)(2), which the court must do before it can impose a non-prison sanction for a second degree felony offense. Accordingly, the trial court imposed a prison term of four years upon Aaron Grilliot, the permissible statutory range being two to eight years. R.C. 2929.14 (A) (2). Pursuant to R.C. 2953.08 (G) (1), this appellate court can modify the sentence imposed upon Grilliot by the trial court only if we clearly and convincingly find that the record does not support the sentence or the sentence is otherwise contrary to law.
R.C. 2929.12, which sets forth the factors to be considered in felony sentencing, provides in relevant part:
 (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3)The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
Grilliot argues that, contrary to the trial court's decision, the factors decreasing seriousness of the conduct at issue outweigh the factors increasing seriousness of that conduct. According to Grilliot, none of the factors increasing seriousness which are enumerated in R.C. 2929.12 (B) (3)--(8) are present in this case. On the other hand, several factors decreasing seriousness are present, specifically R.C. 2929.12
(C) (1), (C) (3) and (C) (4). The validity of that claim, however, depends upon the believability of Grilliot's assertion that he was the passive object of his cousin's conduct in this case because he was asleep at the time four year old K.H. pulled down his underwear and performed oral sex upon him.
In concluding that the factors indicating more serious conduct outweigh the factors indicating less serious conduct, the trial court found that the physical or mental injury suffered by K.H. was heightened due to her physical or mental condition and her tender age. R.C. 2929.12 (B) (1). That finding, along with the fact that K.H. suffered serious psychological harm as a result of this offense, was supported by the evidence presented to the trial court, including the presentence report prepared by the probation department.
The trial court also found that Grilliot's relationship with K.H. facilitated the offense. That finding is supported by evidence which demonstrates that the victim is Grilliot's cousin and that the offense took place in the home of Grilliot's mother, where Grilliot lives and this victim regularly receives day care or baby sitting services. In addition, we note that the presentence report indicates that not one of the factors in R.C. 2929.12(C) which would make Grilliot's conduct less serious are present in this case.
We are unable to find that the record in this case fails to support the sentence imposed, or that the sentence is otherwise contrary to law. The trial court did not abuse its discretion in imposing a four year term of imprisonment upon Aaron Grilliot.
The assignment of error is not well taken. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to:
R. Kelly Ormsby, III, Esq. Gary L. Brown, Esq. Hon. Jonathan P. Hein